P-Send

JOHN S. GORDON
United States Attorney
RONALD L. CHENG
Assistant United States Attorney
Acting Chief, Criminal Division
JILL FEENEY
(State Bar Number: Pending)
Assistant United States Attorney
Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2429
Facsimile: (213) 894-6269

Attorney for Plaintiff
United States of America

FILED
CLERK, U.S. DISTRICT COURT
DEC 20 2001
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

LODGED
2001 DEC 19 AM 4:40

SCANNED

ICMS
DEC 21 2001

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>TIGRAN BABAKHANYAN and GREGORY ALEXANIAN,<br><br>Defendants. | No. CR-01-949-FMC<br><br><u>JOINT STIPULATION FOR EXCLUDABLE TIME AND FOR A CONTINUANCE OF THE TRIAL;</u> ~~[PROPOSED]~~ <u>ORDER</u><br><br><u>Current Status Conference</u>:<br>January 7, 2002, at 1:30 p.m.<br><br><u>Current Trial Date</u>:<br>January 15, 2002, at 9:00 a.m.<br><br>**<u>Proposed Status Conference</u>:**<br>March 11, 2002, at 1:30 p.m.<br><br>**<u>Proposed New Trial Date</u>:**<br>March 19, 2002, at 9:00 a.m. |

Plaintiff United States of America and defendants Tigran Babakhanyan ("Babakhanyan") and Gregory Alexanian ("Alexanian") hereby agree and stipulate to the following, and agree that the findings of the Court shall be the following:

1. On September 18, 2001, a federal grand jury in the

51

Central District of California returned an indictment against defendants Babakhanyan and Alexanian.

2. On September 24, 2001, defendants Babakhanyan, and Alexanian were arraigned on the indictment. The defendants have been out on bond since their arrest.

3. On September 26, 2001, the Court set the following schedule in the case. Motions were to be filed by October 22, 2001 and any opposition was to be filed by October 29, 2001. A status conference was set for November 5, 2001 at 1:30 p.m. and trial was to commence on November 13, 2001 at 9:00 a.m.

4. Pursuant to a stipulation submitted by the parties, on October 31, 2001, the Court excluded time under the Speedy Trial Act and set a new schedule for the case. Under the new schedule, motions were to be filed on December 24, 2001 and any opposition was to be filed on December 31, 2001. A status conference was set for January 7, 2002 and trial was set for January 15, 2002.

5. Currently, Mark Geragos, counsel for defendant Alexanian, has a number of cases scheduled for trial in January 2002, including cases involving incarcerated defendants. For this reason, Mr. Geragos will not be ready for trial on January 15, 2002, and requires additional time to consult with his client and to prepare the case.

6. Matthew Cargal, counsel for defendant Babakhanyan, is prepared to proceed to trial on January 15, 2002. However, Mr. Cargal and the defendant Babakhanyan do not object to the proposed new trial date of March 19, 2002.



SCANNED

7. Given these facts, failure to grant a continuance in this case would deny counsel for defendant Alexanian the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(8)(B)(iv).

8. Defendants Babakhanyan and Alexanian, with the concurrence of their counsel and the government, request a continuance of the status conference from January 7, 2002 to March 11, 2002, and a continuance of the trial from January 15, 2002 to March 19, 2002. Defendants Babakhanyan and Alexanian further request that motions be filed on February 25, 2002 and that any opposition be filed on March 4, 2002.

9. Based upon the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and defendants in a trial within the original date prescribed by the Speedy Trial Act.

10. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq. within which trial must commence: the time period from January 15, 2002 through March 19, 2002, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(8)(A) because it results from a continuance granted on the basis of the Court finding that the ends of justice served by taking such action outweigh the best interest of the public and

SCANNED

defendants Babakhanyan and Alexanian in a speedy trial.

11. In addition, time is also excluded pursuant to 18 U.S.C. § 3161(h)(7), in that the period of time is reasonable, the defendant Babakhanyan is joined for trial with another defendant, and no motion for severance has been made, filed or granted.

IT IS SO AGREED AND STIPULATED:

DATED: December 14, 2001

JOHN S. GORDON
United States Attorney

RONALD L. CHENG
Assistant United States Attorney
Acting Chief, Criminal Division

Jill Feeney

JILL FEENEY
Assistant United States Attorney
Major Frauds Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: December 14, 2001

MATTHEW CARGAL
Attorney for Defendant
Tigran Babakhanyan

DATED: December 14., 2001

TIGRAN BABAKHANYAN
Defendant

SCANNED

IT IS SO AGREED AND STIPULATED:

DATED: December 17, 2001

MARK GERAGOS
Attorney for Defendant
Gregory Alexanian

DATED: December 18, 2001

GREGORY ALEXANIAN
Defendant

[PROPOSED] ORDER

IT IS SO FOUND AND IT IS SO ORDERED THIS 19th day of Dec. 2001. The above findings are hereby made. Based upon the above stipulation, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq. within which trial must commence: the time period from January 15, 2002 through March 19, 2002, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(8)(A) because it results from a continuance granted on the basis of the Court finding that the ends of justice served by taking such action outweigh the best interest of the public and defendants Babakhanyan and Alexanian in a speedy trial. The time period is also deemed excludable pursuant to 18 U.S.C. § 3161(h)(7) because the period of delay is reasonable, the defendant Alexanian has been joined for trial with defendant Babakhanyan, and no motion for severance has been made, filed or granted.

Motions must be filed on February 25, 2002 and any opposition must be filed on March 4, 2002. There will be a status conference/motions hearing on March 11, 2002 at 1:30 p.m. and trial will commence on March 19, 2002 at 9:00 a.m.

12/19/01

Florence-Marie Cooper

THE HONORABLE FLORENCE-MARIE COOPER
UNITED STATES DISTRICT COURT JUDGE

SCANNED

CERTIFICATE OF SERVICE

I, **Yolanda Aguayo**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: JOINT STIPULATION FOR EXCLUDABLE TIME AND FOR A CONTINUANCE OF THE TRIAL; [PROPOSED] ORDER

**service was:**

[ ]Placed in a closed envelope, for collection and interoffice delivery address ed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

MARK GERAGOS, ESQ.
Geragos & Geragos
350 South Grand Avenue
Suite 3900
Los Angeles, CA 90071

MATTHEW CARGAL, ESQ.
99 South Lake Avenue
Suite 200
Pasadena, CA 91101

This Certificate is executed on December 19, 2001

California.

I certify under penalty of perjury that the foregoing is true and correct.

YOLANDA AGUAYO